UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ROBERTA CROCKER, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL NO. |
| | : | 3:08-cv-1570 (VLB) |
| KOHL'S DEPARTMENT STORE, | : | |
|     Defendant. | : | January 21, 2010 |

**MEMORANDUM OF DECISION DENYING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

The Plaintiff, Roberta Crocker, brought this action for damages against the Defendant, Kohl's Department Store, alleging that the Defendant's negligence in maintaining its premises in a defective and unsafe condition caused the Plaintiff to fall and sustain injuries. Currently pending before the Court is the Defendant's motion for summary judgment, claiming that there are no genuine issues of material fact and that the Defendant is entitled to judgment as a matter of law because the Plaintiff fails to assert facts establishing the second and third elements of a claim for premises liability. For the reasons that follow, the Defendant's motion is DENIED.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

The following facts relevant to the Defendant's motion for summary judgment are undisputed unless otherwise noted.

On August 10, 2007, at approximately 2:00 p.m., the Plaintiff entered Kohl's Department Store in Trumbull, Connecticut. It had been raining on and off that day, and was showering but not pouring at the time the Plaintiff entered the

premises. Other customers in the store were carrying umbrellas. The Plaintiff entered the store through a set of doors and a vestibule followed by a second set of doors, and proceeded toward the back left corner of the premises, heading for the elevator. There was a rubber mat or rug in the vestibule between the two sets of doors.

After entering the first set of doors, traversing over the rubber mat or rug, and passing through the second set of doors, the Plaintiff stepped onto a tile floor. The Plaintiff then walked approximately ten feet across the tile floor and slipped on water that had collected on the floor, causing her to fall on her right side. The parties dispute the amount of water that was on the floor. The Defendant admits that there was water on the floor and characterized the amount of water as "spots" which the assistant store manager was able to wipe up with "two or three sheets of paper towel." The Plaintiff, on the other hand, stated that she fell on "puddles" of water on the floor that were approximately the size of a small throw rug or door mat. When the Plaintiff slipped on the water and fell to the floor, her skirt and part of her jacket became wet. The Plaintiff did not see the water on the floor before she fell. She is unaware of how long the water was on the floor. The Plaintiff alleges that, as a result of the fall, she suffered injuries including a non-displaced scaphoid fracture in her right wrist resulting in pain and discomfort, an aggravation of an existing arthritic condition in her right thumb, a deformity in the distal radius of her right wrist, synovitis, and an

aggravation of degenerative changes in her right hip resulting in total hip replacement surgery.

The Defendant's "opening procedure" required "caution" cones to be placed near the entrance of the premises, where the Plaintiff fell, on days that it was raining or on which rain was forecast. The purpose for putting up the "caution" cones is to give customers notice of the presence of water on the store floor for their safety. It is unclear from the record whether the "caution" cones were in place at the time of the Plaintiff's fall. The Plaintiff did not recall seeing "caution" cones, but indicated that she just may not have noticed them after her fall because she was injured. The Defendant's store manager was unable to say exactly when the "caution" cones were placed at the site of the Plaintiff's fall on the date in question.

On September 17, 2008, the Plaintiff filed suit against the Defendant in Connecticut Superior Court. On October 14, 2008, the Defendant removed the case to this Court on the basis of diversity of citizenship. The Defendant filed the instant motion on July 28, 2009, and the Plaintiff filed her response thereto on October 21, 2009.

## II. DISCUSSION

Summary judgment is appropriate only when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "The substantive law governing the case

3

will identify those facts that are material, and '[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.'" Bouboulis v. Transp. Workers Union of Am., 442 F.3d 55, 59 (2d Cir. 2006) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).

The moving party bears the burden of showing that no genuine issues exist as to any material facts. See Celotex Corp. v. Catrett, 477 U.S. 317, 323-25 (1986). If the moving party meets its burden, "an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must - by affidavits or as otherwise provided in this rule - set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e). "If the party moving for summary judgment demonstrates the absence of any genuine issue as to all material facts, the nonmoving party must, to defeat summary judgment, come forward with evidence that would be sufficient to support a jury verdict in its favor." Burt Rigid Box, Inc. v. Travelers Prop. Cas. Corp., 302 F.3d 83, 91 (2d Cir. 2002). "The non-movant cannot escape summary judgment merely by vaguely asserting the existence of some unspecified disputed material facts, or defeat the motion through mere speculation or conjecture." Western World Ins. Co. v. Stack Oil, Inc., 922 F.2d 118, 121 (2d Cir.1990) (internal quotations and citations omitted). A party also may not rely on conclusory statements or unsupported allegations that the evidence in support of the motion for summary judgment is not credible. Ying Jing Gan v. City of New York, 996 F.2d 522, 532 (2d Cir. 1993).

The court "construe[s] the evidence in the light most favorable to the non-moving party and . . . draw[s] all reasonable inferences in its favor." Huminski v. Corsones, 396 F.3d 53, 69-70 (2d Cir. 2004). "[I]f there is any evidence in the record that could reasonably support a jury's verdict for the non-moving party, summary judgment must be denied." Am. Home Assurance Co. v. Hapag Lloyd Container Linie, GmbH, 446 F.3d 313, 315 (2d Cir. 2006).

As a business invitee, the Defendant owed the Plaintiff "a duty to maintain their premises in a reasonably safe condition." Martin v. Stop & Shop Supermarket Cos., 70 Conn. App. 250, 251 (2002). "To hold the defendant liable for her personal injuries [though], the plaintiff must prove (1) the existence of a defect, (2) that the defendant knew or in the exercise of reasonable care should have known about the defect and (3) that such defect had existed for such a length of time that the [defendant] should, in the exercise of reasonable care, have discovered it in time to remedy it." Id.

The Defendant argues that it is entitled to summary judgment because the Plaintiff cannot satisfy the second and third elements of a claim for premises liability. According to the Defendant, there is no fact in the record from which the Plaintiff can prove that the Defendant had actual or constructive knowledge of the water on the floor in the area in which she fell. The Defendant further argues that the Plaintiff has submitted no evidence as to how long the water was on the floor prior to her fall.

**The Court disagrees. The record indicates that it was raining when the Plaintiff entered the Defendant's store at approximately 2:00 p.m., and that it had been raining on and off for the entire day. Some people entering the store were carrying umbrellas. The Defendant's assistant store manager testified that it was store procedure to place "caution" cones in the area in which the Defendant fell on days it was raining, which suggests that the Defendant was aware of the tendency for water to collect on the tile floor, creating an unsafe condition. The Plaintiff has indicated that the amount of water on the floor took up a space about the size of a small throw rug or door mat, and that her clothes were wet after she fell. Based upon this evidence, there is a genuine issue of material fact as to whether the Defendant knew or should have known of the water on the floor in the area where the Plaintiff fell. See Marino v. Stop & Shop Co., No. CV 9800764483S, 1999 Conn. Super. LEXIS 2477, at \*13-\*14 (Conn. Super. Ct. Sept. 14, 1999) (holding, in case where plaintiff fell in store on water on tile floor near public pay phones, that constructive notice of defective condition was established based upon fact that it had been raining all morning, customers naturally track water into stores during inclement weather, area of wetness was approximately six to seven feet in diameter, and plaintiff and man who assisted him became significantly wet as a result of the incident).**

**There is also a question of material fact as to whether the water had been on the floor for such a length of time that the defendant should, in the exercise of reasonable care, have discovered it in time to remedy it. Neither the Plaintiff nor**

**6**

the Defendant was able to state with certainty the length of time that the water was on the floor.  However, a reasonable jury could conclude, based upon the fact that it had been raining throughout the day and the amount of water that had collected on the floor, that the water had been on the floor in the area in which the Plaintiff fell for such a length of time that the Defendant should have discovered it in the exercise of reasonable diligence.  See Marino, 1999 Conn. Super. LEXIS 2477, at *14 (finding, based upon the fact that area of wetness on floor was six to seven feet in diameter and plaintiff and man who assisted him became significantly wet as a result of the incident, that there had been sufficient time for water to accumulate such that defendant should have discovered it in the exercise of reasonable diligence).

Accordingly, the Court finds that there are genuine issues of material fact precluding summary judgment, and the Defendant's motion must therefore be denied.

### III.  CONCLUSION

Based upon the above reasoning, the Defendant's motion for summary judgment is DENIED.  A separate Order will issue scheduling this case for trial.

                                      IT IS SO ORDERED.

                                    /s/
                             Vanessa L. Bryant
                             United States District Judge

Dated at Hartford, Connecticut:  January 21, 2010.